UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESSIE ELLEN BROWN,

    Petitioner,                            Civil No. 2:06-CV-13059
                                         HONORABLE DENISE PAGE HOOD
v.                                           UNITED STATES DISTRICT JUDGE

SUSAN DAVIS,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

Lessie Ellen Brown, ("Petitioner"), presently confined at Camp Brighton in Pinckney, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, Petitioner challenges the Michigan Parole Board's refusal to consider granting her parole on her conviction for second-degree murder. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

**I. Background**

Petitioner was convicted of one count of second-degree murder in the Livingston County Circuit Court and was sentenced on December 4, 1987 to twenty to thirty five years in prison. Petitioner claims that she has been denied release on parole by the Michigan Parole Board three times, the most recent on March 30, 2006.

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The Parole Board's decisions to deny [Petitioner] parole is in violation of MICH. COMP. LAWS § 791.233e.

**II. Discussion**

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's parole claim does not entitle her to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Petitioner claims that the Michigan Parole Board failed to offer substantial or compelling reasons, as required by MICH. COMP. LAWS § 791.233e, for ignoring the Michigan Parole Guidelines, which gave petitioner a high probability score for being paroled.

As an initial matter, petitioner acknowledges that she has yet to present her claim to the Michigan courts. However, in light of the fact that Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, petitioner's failure to exhaust her parole denial claim with the state courts is excusable. *See Jackson v. Jamrog,* 411 F. 3d 615, 618

(6th Cir. 2005). Moreover, an unexhausted claim may be addressed if the claim is without merit, and addressing the claim would serve the interest of judicial efficiency and would not offend federal-state comity concerns. *See Wilson v. Straub,* 185 F. Supp. 2d 766, 770 (E.D. Mich. 2002).

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *See Jackson,* 411 F. 3d at 619; *Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

In Michigan, a prisoner's release on parole is discretionary with the parole board. *Lee*, 76 F. Supp. 2d at 792 (citing to *In Re Parole of Johnson*, 235 Mich. App. 21; 596 N. W. 2d 202, 204 (1999)). The Michigan parole statute therefore does not create a right to be paroled. *Id.; See also Hurst v. Department of Corrections Parole Bd.*, 119 Mich. App. 25, 29; 325 N.W. 2d 615 (1982). Because the Michigan Parole Board has the discretion whether to grant parole, a prisoner does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence. *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994); *Hurst,* 119 Mich. App. at 28. Michigan's parole statute, MICH. COMP. LAWS § 791.233, does not create a protected liberty interest in parole, because the statute does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004)(internal citation omitted). Petitioner does not have a liberty interest entitling her to due process during

3

her parole release proceedings. *Id.* (quoting *Sharp v. Leonard*, 611 F. 2d 136, 137 (6th Cir. 1979)). A prisoner may not challenge the procedures used to deny him or her parole because a prisoner has no state created liberty interest in being paroled. *Johnson,* 314 F. Supp. 2d at 713. Petitioner has no right to expect the parole board to follow state procedural rules as a matter of federal due process. *Id.* Where an inmate has no legitimate expectation of, and no liberty interest in receiving parole, as is the case here, a parole board's failure to set an inmate's release date in accordance with parole guidelines does not give rise to a due process claim. *Johnson,* 314 F. Supp. 2d at 713. Petitioner is not entitled to habeas relief on her claim.

### III.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus [**Docket No. 1, filed July 5, 2006**] is **DISMISSED WITH PREJUDICE.**

 **S/DENISE PAGE HOOD**
 **HON. DENISE PAGE HOOD**
 UNITED STATES DISTRICT COURT

DATED: December 29, 2006

I certify that a foregoing copy of the above was served on Counsel of Record and Lessie Brown #192002, Camp Brighton, 7200 Chamber Road, Pinckney, MI 48169 on December 29, 2006, either by CM/ECF electronic filing or by U.S. Mail.

 S/Kendra Byrd
 Deputy Clerk

4